## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## CLEVELAND DIVISION

| | |
|---|---|
| Donna Kiessel, individually and on behalf of all similarly situated individuals,<br><br>                Plaintiff,<br><br>     v.<br><br>The Corvus Group, Inc. and RSM McGladrey, Inc.,<br><br>                Defendants. | CASE NO.: 1:12-cv-00390-PAG<br><br>JUDGE PATRICIA A. GAUGHAN<br><br>**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE** |

## INTRODUCTION

Neither Defendant offers a compelling reason why the Court should deny Plaintiff's motion for conditional certification and judicial notice.[1]  In fact, Defendants concede that Plaintiff and the putative collective class were all paid according to the same compensation method that is at the center of this dispute.  This alone is sufficient evidence for the Court to grant Plaintiff's motion.

---

[1] Because Defendants' opposition briefs are nearly identical, for the Court's convenience Plaintiff submits this single memorandum in reply to both.  Citations to Defendants' opposition briefs will refer to McGladrey LLP's memorandum, unless otherwise indicated.

Defendants offer two primary arguments for denying conditional certification, both of which the Court should reject.  First, Defendants argue that the Court should deny conditional certification because Plaintiff did not prove that Corvus and McGladrey were joint employers. Plaintiffs are not required to prove joint employer liability at this early stage of the case. Defendants are making this merits-based argument even though the law is clear that arguments that go to the merits of the case are inappropriate in a motion for conditional certification.  To be clear, this is not a situation where Plaintiff has named the wrong Defendants and is seeking to send notice to employees who did not even work for Defendants.  This is a case where employees paid by each Defendant named on the Complaint, were working side by side, doing the same work, under the same FDIC contracts, and paid under the same unlawful payment scheme that denied them proper overtime pay. Whether one or both Defendants are ultimately liable as employers to the plaintiffs who join this action, is an issue that will be decided at summary judgment after discovery is complete.  It is not a valid argument for the denial of conditional certification and notice.

Second, Defendants assert that Plaintiff failed to meet her burden of establishing that she and the putative plaintiffs are "similarly situated," listing a number of "differences" they claim will require the Court to engage in individual inquiries.  Contrary to Defendants' assertions, Plaintiffs are not required to prove that they are "identically situated."  Rather, they are simply required to demonstrate that they are "similarly situated."  They done this by demonstrating that the "tie that binds" the employees in this case is Defendants' unlawful compensation method of paying their employees an hourly wage plus "straight time" for overtime hours worked rather than the requisite time-and-a-half.  Indeed, Defendants cannot and do not assert any tenable affirmative defenses, let alone argue that the putative plaintiffs are so unique that Defendants

would be required to raise different defenses particular to each individual.  None of the purported differences cited by Defendants warrant denying conditional certification.

Conditional certification and judicial notice are appropriate in this case because Plaintiff has satisfied her lenient first-stage burden of showing that she is similarly situated to the other putative plaintiffs.  The pleadings, briefing and supporting evidence establish that Plaintiff and the putative collective class were uniformly paid according to the same unlawful compensation method, suffered the same injury as a result, and now seek the same relief.  Accordingly, the Court should grant Plaintiff's motion in full, conditionally certify this case as a collective action and authorize Plaintiff to send judicial notice to the putative collective class.

## ARGUMENT

### I.  Plaintiff's Claims Are Subject to a Lenient Standard for Conditional Certification.

Plaintiff's motion for conditional certification is properly reviewed under the lenient "modest factual showing" standard, not by some stricter "hybrid" standard suggested by Defendants.  (McGladrey Mem. at 7.)  Defendants are correct in stating that some courts have held plaintiffs to a slightly higher standard of proof when the parties have engaged in precertification discovery.  Those cases are distinguishable, however, the amount of discovery the parties conducted in those cases far exceeds the minimal discovery exchanged here.

The cases cited by Defendants perfectly illustrate this point.  Although Defendants cite Comer as support for their argument (McGladrey Mem. at 7), nothing in the Comer opinion suggests that plaintiffs can be held to a more exacting standard of review.  Comer v. Wal-Mart Stores, Inc., 454 F.3d 544 (6th Cir. 2006).  In fact, just the opposite is true.  The Sixth Circuit actually approved of the district court's use of the "modest factual showing" despite the fact that the parties had exchanged document production, submitted expert reports, taken ten depositions

each, and answered twenty-five interrogatories each.  Id. at 546-47.  The other cases cited by Defendants are equally unpersuasive and distinguishable.  In Jimenez, the court held plaintiffs to a higher standard of proof where the parties had engaged in *six months* of precertification discovery, including multiple depositions.  See Jimenez v. Lakeside Pic-N-Pac, L.L.C., 2007 WL 4454295, at *3 (W.D. Mich. Dec. 14, 2007).  And in Davis, the parties had time to conduct "extensive discovery" before filing for conditional certification, including numerous depositions.  Davis v. Charoen Pokphand (USA), Inc., 303 F. Supp. 2d 1272, 1276 & nn. 4-6 (M.D. Ala. 2004).

The facts in those cases are easily contrasted with the facts here.  In this case, the parties had six weeks to conduct precertification discovery at Defendants' request.  (Chase Decl. ¶ 4.) After requesting this period of discovery, Defendants balked when confronted with deposition notices from Plaintiff, and entered into an agreement to take all depositions after the conditional certification motion was briefed.  Moreover, Corvus and McGladrey failed to respond to Plaintiff's written discovery requests until May 11 and May 14, 2012, respectively, and did not produce any document discovery until June 5 and May 24, 2012, respectively.  (Chase Decl. ¶¶ 5-6.)  Even then, Defendant Corvus refused to respond provide any substantive responses to the requests until the Court rules on this motion and on other grounds that will require a motion to compel.  (Chase Decl. ¶ 7)  As such, Defendants have no basis for now requesting any standard other than the traditional lenient "modest factual showing" standard.[2]  See, e.g., Lacy v. Reddy Elec. Co., 2011 WL 6149842, at *3-4 (S.D. Ohio Dec. 9, 2011); McNelley v. ALDI, Inc., 2009 WL 7630236, at *2 (N.D. Ohio Nov. 17, 2009).

---

[2] Even if the Court were to apply the heightened standard suggested by Defendants, Plaintiff has nevertheless satisfied her burden of proving "similarly situated" by demonstrating that Defendants applied the payment scheme at issue in this case uniformly to all putative plaintiffs.

## II. Whether Defendants are Joint Employers is a Merits Determination that is Inappropriate at the Conditional Certification Stage.

Defendants devote large sections of their briefs making arguments that conditional certification is inappropriate because Plaintiff has not proved that Defendants were joint employers. This argument fails. Whether Defendants are joint employers is not a determination to be made or considered by the Court at the conditional certification stage. The law is clear that merits-based arguments such as this are not relevant when determining whether conditional certification is appropriate. Creely v. HCR ManorCare, Inc., 789 F. Supp. 2d 819, 826 (N.D. Ohio 2011); McNelley v. ALDI, Inc., 1:09-CV-1868, 2009 WL 7630236, *5 (N.D. Ohio Nov. 17, 2009). Moreover, other courts have certified cases where employer status was at issue, refusing to consider that issue for purposes of conditional certification. See e.g. Lang v. DirecTV, Inc., 2011 WL 6934607, at*3 (E.D. La. Dec. 30, 2011) (granting conditional certification and refusing to decide defendant's employer status); Edwards v. Multiband Corp., 2011 WL 117232, at *3-4 (D. Minn. Jan. 13, 2011) (same).

This is not a case where Defendants are arguing that Plaintiffs named the wrong Defendants, nor is this a motion under Fed. R. Civ. P. 21 to drop a party for misjoinder, or Fed. R. Civ. P. 42 to separate this lawsuit. It is a situation where, regardless of which Defendants' name was on which employee's paycheck, the putative plaintiffs worked in concert on the same FDIC contracts, side-by-side in connection with a joint working agreement, under the same supervisors, and were paid under the exact same compensation method they are seeking the Court to declare unlawful. Defendants' joint employer argument is simply an attempt to shift the Court's focus from the central issue here: whether Plaintiffs are similarly situated to each other.

### III. Conditional Certification Is Appropriate Because Plaintiff Has Satisfied Her Burden of Showing that She is "Similarly Situated" to the Putative Collective Class.

The Sixth Circuit has stated that plaintiffs are similarly situated when their claims are "unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." O'Brien v. Ed Donnelly Enters., Inc., 575 F.3d 567, 585 (6th Cir. 2009) (stating "it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy").  Proof of such a "unified policy" of FLSA violations, however, is not even necessary. Id. at 584.  Once a plaintiff has met her burden at the notice stage, "the defendant cannot overcome the plaintiff's showing by arguing that individual inquiries may dominate; rather that issue must be raised in a motion to decertify at the second stage of the certification process." Lindberg v. UHS of Lakeside, LLC, 761 F. Supp. 2d 752, 763 (W.D. Tenn. 2011).  Indeed, the Sixth Circuit has concluded it is improper to consider whether individualized questions predominate in determining the "similarly situated" inquiry. Noble v. Serco, Inc., 2009 WL 3154252, at *4 (E.D. Ky. Sept. 28, 2009) (citing O'Brien, 575 F.3d at 584-85).  Importantly, "a plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members.'" McNelley v. ALDI, Inc., 2009 WL 7630236, at *2 (N.D. Ohio Nov. 17, 2009) (quoting O'Brien, 575 F.3d at 546-47).

Defendants argue that conditional certification is inappropriate because the putative plaintiffs are drastically different and the Court would need to conduct numerous individualized inquiries to resolve their claims.  These arguments fail because the "differences" cited by Defendants are wholly irrelevant in a case where no potentially relevant exemptions can apply because Plaintiffs were not paid on a salary basis as required by the exemptions.  This is a simple case where the putative plaintiffs, who were paid on an hourly basis, are all making the exact

same assertion: that Defendants' uniform compensation policy paid them the wrong overtime rate for their overtime hours worked.

### A.     Plaintiff and the Putative Plaintiffs are "Similarly Situated."

As stated above, a plaintiff's burden at the notice stage is satisfied when she shows that the putative plaintiffs were injured by the same FLSA-violating policy.  O'Brien, 575 F.3d at 585.  In this case, Plaintiff's claims center around Defendants' compensation plan.  The evidence shows that the putative plaintiffs worked on the same types of FDIC projects, regularly worked more than forty hours per week, were uniformly classified as exempt, and were paid on an hourly basis and received straight time for their overtime hours worked rather than the requisite time-and-a-half pay.  Conspicuously absent from Defendants opposition is any claim that the putative plaintiffs were not all paid in the same manner.  Under the clear precedent of the Sixth Circuit, the plaintiffs here are "similarly situated."

Nevertheless, Defendants list a string of purported differences between the putative plaintiffs and argue that each difference alone is enough to defeat conditional certification. Defendants claim that the plaintiffs had different job duties, job titles, work locations, management capacities, and managers.  None of these differences are relevant in this type of case.

The unifying characteristic of the employees here is that Defendants paid them under the same illegal pay plan: on an hourly basis with overtime paid at straight time rather than the required time-and-a-half.  Specifically, Plaintiffs cannot be exempt under any of the potentially applicable exemptions because Defendants paid an hourly rate rather than on a salary basis as

required by the exemptions.  Because Defendants have failed to pay on a salary basis, the Court

will not even have to examine any of the differences cited by Defendants related to job duties.[3]

   **B.**  **Plaintiff's Travel Time Claims Will Not Require Individual Inquiries Sufficient to Defeat Conditional Certification.**

   Defendants' contention that Plaintiff's travel time claims also would necessitate

numerous individualized inquiries is likewise flawed.  Plaintiff and the putative class members

have shown that they are similarly situated with respect to their claims for unpaid travel time.

Every individual who submitted a declaration in support of Plaintiff's motion for conditional

certification stated that they had unpaid compensable travel time.  Whether a putative plaintiff

has unpaid compensable travel time is a question of damages, not an issue that should preclude

conditional certification.  Moreover, answering the questions of when and where an individual

traveled can easily be answered by looking to Defendants' records.

**IV.**  <u>**The Form, Content and Scope of Judicial Notice.**</u>

   Plaintiff's proposed notice is accurate and informative, and Plaintiff's proposed methods

of dissemination would ensure that the putative class receives timely notice of this lawsuit.  <u>See</u>

<u>Hoffman-La Roche v. Sperling</u>, 493 U.S. 165, 172 (1989) (stating judicial notice must be

"timely, accurate, and informative").  As such, Plaintiff requests that the Court adopt her notice

in its proposed form.  However, given that the statute of limitations continues to run on each

putative plaintiff's claim, Plaintiff requests that if the Court believes that changes should be

made, that the Court make those changes as part of its order, or toll the statute of limitations for

---

[3] If Defendants' issue with Plaintiff's proposed collective class definition is the language regarding job titles or duties, that language can be removed to read:

   All individuals employed by the Corvus Group, Inc., RSM McGladrey, Inc., McGladrey & Pullen, LLP or McGladrey, LLP, who were paid an hourly rate plus "straight time" for their overtime hours, at any time within three years of the date the Court grants this motion.

all putative plaintiffs while the parties meet and confer on the form and content of the notice. Adams v. Inter–Con Sec. Syst., Inc., 242 F.R.D. 530, 543 (N.D. Cal. 2007) (holding equitable tolling of FLSA collective action members' statutes of limitation to be appropriate beginning one month after plaintiffs' counsel made request for such information, where defendant had refused to provide such information).

## **CONCLUSION**

Defendants improperly paid their employees.  In response to Plaintiff's request to send notice to these employees, Defendants do not deny that they paid all of these employees hourly and without an overtime premium, and they do not offer a defense of their uniform and unlawful pay practices.  Rather, they ask the Court to allow them to escape their payroll obligations based on distinguishable cases and a host of arguments that are, at best, wholly irrelevant to the conditional certification issues currently before the Court.

The evidence plainly shows that Plaintiff and the putative collective class were subject to, and injured by, Defendants unlawful compensation method of paying its employees on an hourly basis without overtime premiums.  These facts are supported by the pleadings, declarations from Plaintiff and twenty-one Opt-in Plaintiffs, and Defendants' own admissions.  Defendants payroll records will easily identify the employees paid in this unlawful way, and those employees should be sent judicial notice of this action so that they have the opportunity to join Plaintiff and the Opt-in Plaintiffs and recover their overtime pay.

Under the established caselaw in the Sixth Circuit, Plaintiff has satisfied her lenient burden of showing that she and the putative collective class are similarly situated.  For these reasons and those stated above, Plaintiff respectfully requests that the Court grant Plaintiff's motion.

Dated:  June 29, 2012                    **NICHOLS KASTER, PLLP**

/s/ Andrew G. Chase
Paul J. Lukas, MN Bar No. 22084X*
Andrew G. Chase, MN Bar No. 0391935*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
lukas@nka.com
achase@nka.com

*Admitted pro hac vice

**DWORKEN & BERNSTEIN Co., LPA**

Patrick J. Perotti, OH Bar No. 0005481
Nicole T. Fiorelli, OH Bar No. 0079204
60 South Park Place
Painesville, OH 44077
Telephone: (440) 352-3391
Fax: (440) 352-3469
pperotti@dworkenlaw.com
nfiorelli@dworkenlaw.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

_/s/ Andrew G. Chase_
One of the Attorneys for Plaintiff