**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Donna Kiessel,** | ) | **CASE NO. 1:12 CV 390** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **The Corvus Group, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Leave to Amend the Complaint and Renewed Motion for Conditional Certification (Doc. 58).  Also pending is Defendant McGladrey LLP's Motion to Strike Plaintiff's Renewed Motion for Conditional Certification and Judicial Notice (Doc. 72).  This is an FLSA case.  For the reasons that follow, Plaintiff's Motion for Leave to Amend is GRANTED in PART and DENIED in PART.  Plaintiff's Renewed Motion for Conditional Certification is DENIED at this time.  As such, defendant's motion to strike is MOOT.

1

**FACTS**

Plaintiff, Donna Kiessel, filed this lawsuit on behalf of herself and all other similarly situated individuals.  According to the complaint, defendants, The Corvus Group, Inc. ("Corvus") and RSM McGladrey, Inc. ("McCladrey"), partnered together on contracts with the Federal Deposit Insurance Corporation ("FDIC") to perform bank closings and provide asset management services on distressed loan portfolios nationwide.  Plaintiff alleges that the FDIC contracted with McGladrey, who in turn retained Corvus as a subcontractor.  Defendants' worksites included locations in various states throughout the country.

Plaintiff moved the Court to conditionally certify a class of employees.  Plaintiff argued that defendants were "joint employers" for purposes of the FLSA.  This Court concluded that plaintiff, who averred that she was employed by Corvus, could not represent a class of employees employed by McGladrey.  Plaintiff neither averred that she was ever employed by McGladrey,  nor provided sufficient evidence or argument as to why the Court should consider Corvus and McGladrey to be joint employers.  Accordingly, the Court declined to certify a class that included McGladrey employees.  In addition, the Court found plaintiff's proposed class definition to be ambiguous and limited the class to include only asset managers and asset servicing professionals.

Plaintiff now moves the Court to amend her complaint.  Specifically, plaintiff seeks to add six named plaintiffs to her lawsuit.  According to plaintiff, if the amendment is allowed, four plaintiffs, including Kiessel, worked for Corvus, while the other three worked for McGladrey.  In addition, plaintiff claims that the new named plaintiffs held jobs similar to those of "asset manager" and "asset servicing professional."  Plaintiff further seeks to amend the complaint to

2

include additional allegations regarding the "joint employer" status of defendants.

Plaintiff also asks the Court to allow her to add new claims to this case. Specifically, plaintiff moves to add state law class action claims under the laws of Ohio, Illinois, and Colorado. Admittedly, plaintiff seeks to add these claims in order to toll the statute of limitations. According to plaintiff, asserting a "hybrid action" is "widely accepted," even thought the opt-in procedures under the FLSA differ from the "opt-out" procedures contained in state law Rule 23 claims.

Defendants oppose the motion for leave to amend. Plaintiff also simultaneously moves to conditionally certify a new class based on the *proposed* amended complaint. Defendant McGladrey moves to strike this motion on the grounds that it is premature. Plaintiff opposes defendant's motion to strike. Each motion will be addressed in turn.

1. Leave to amend

Plaintiff argues that leave to amend should be granted because it will avoid the need to file multiple actions against the same defendants for the same pay practices. According to plaintiff, the addition of the new parties is "designed to satisfy the Court's concerns regarding sending notice to McGladrey employees...." Plaintiff claims that leave to amend is to be "freely granted," and that the allegations of the new party plaintiffs involve the same factual and legal issues as those of Kiessel. According to plaintiff, judicial economy will be preserved because if the Court denies the motion, each individual plaintiff will be required to file separate lawsuits. Moreover, the Court did not set a pleading amendment deadline and plaintiff has not previously sought leave to amend the complaint. Defendants will suffer no prejudice as a result of the amendment because the proposed new party plaintiffs filed consents with the Court and, as such,

3

defendants had notice of their claims. With regard to the new state law class claims, plaintiff argues that the claims involve the same factual and legal issues as the FLSA claim already asserted. Plaintiff further argues that allowing the addition of state law claims will preserve the statute of limitations.

In response, McGladrey argues that plaintiff's motion for leave to amend should be treated as a motion for reconsideration because plaintiff admits that she is attempting to amend her complaint in order to avoid the results of the Court's ruling on her motion for conditional certification. With regard to the addition of new parties, McGladrey argues that the amendment would be futile because it would interfere with the process already underway in this FLSA action. In addition, defendant claims that the new allegations do not properly plead a joint employer relationship. Moreover, the evidence on which plaintiff seeks to establish a "joint employer" relationship was available to plaintiff earlier and she does not explain why she did not include this evidence prior to the ruling on conditional certification. Similarly, plaintiff could have included additional job titles in the complaint or more effectively argued the point during the briefing on conditional certification. In reply, plaintiff argues that defendant fails to show any prejudice which would be suffered if the Court allowed the amendment. In addition, plaintiff need not prove in the complaint that defendants are joint employers. Plaintiff claims that if the new party plaintiffs are added, plaintiff need not prove joint employer liability at all, seeing that McGladrey employed some of the named plaintiffs.

Under Federal Rule of Civil Procedure 15(a) leave to amend a pleading shall be freely given "when justice so requires." Fed. R. Civ. Pro. 15(a); *See also Wade v. Knoxville Utilities Board*, 259 F.3d 452 (6th Cir. 2001). In determining whether to grant leave to amend, this Court

must consider several factors. "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Id*. at 458. To deny a motion for leave to amend, a district court cannot base its decision on delay alone and, instead, must determine whether the amendment will cause significant prejudice to the nonmoving party. *Duggins v. Steak 'N Shake*, 195 F.3d 828, 834 (6th Cir. 1999).

Upon review, the Court finds that plaintiff's request to add new party plaintiffs is well-taken. Plaintiff filed this case seven months ago. In July, this Court set a December fact discovery cutoff. Dispositive motions have yet to be filed and, in fact, are not due for nearly five months. Thus, while the information may have been known to plaintiff at an earlier time, the Court cannot say that plaintiff engaged in undue delay or bad faith. Nor has plaintiff previously sought leave to amend the complaint. As such, plaintiff has not repeatedly failed to cure any deficiencies by previous amendment. Importantly, as plaintiff points out, defendants do not dispute that they were in possession of the opt-in notices from the very individuals who now seek to be named plaintiffs. Thus, defendants knew of these claims before the instant motion was filed.

Defendant McGladrey argues that it would be futile to allow plaintiff to amend the complaint because the complaint fails to state a claim for "joint employer" liability. The Court, however, agrees with plaintiff that joint employer liability need not be established if at least one named plaintiff is an employee of McGladrey. Although the Court noted that plaintiff failed to establish joint employer liability for purposes of conditional certification, the analysis, in part,

5

depended upon the fact that no named plaintiff was employed by McGladrey.  Thus, the *only* way plaintiff could appropriately include McGladrey employees as class members was if the two defendants were joint employers of plaintiff.  At no point did the Court indicate that plaintiff failed to state a claim for relief.  Moreover, McGladrey did not move to dismiss the initial complaint.   At this point, the Court cannot say that amendment of the complaint would be futile.  Because the Court is allowing the amendment, the Court finds that the fact that some of the employees may have job titles slightly different than plaintiff Kiessel does not warrant denial of plaintiff's request to amend.

On the other hand, the Court denies plaintiff's request to add new state law class claims to this action.  Both defendants argue at length that the addition of the claims will complicate this matter greatly.  As defendants point out, state law class claims will not affect all of the members of the FLSA class.  Moreover, plaintiff seeks to bring claims under only three of the various states in which defendants' employees worked.   There are jurisdictional concerns over whether the Court should exercise supplemental jurisdiction over these claims in that some of the plaintiffs may not "opt-in" to the FLSA claim, but may nonetheless fail to "opt out" of the state law class.  Moreover, some plaintiffs will be members of one class, while others may be members of two.  As such, the manageability of the case will drastically change.  This Court is careful to note that it is not opining on the propriety of exercising supplemental jurisdiction over state law class claims initially filed along with an FLSA claim.  Rather, the Court finds that *adding* such claims to an existing case in which only one federal claim is pending will prejudice defendants in that it will exponentially complicate the case.  As defendants point out, plaintiff has routinely sought to expedite this case.  Adding state law class claims, however, will

dramatically slow down the pace of this case in that additional and significant class certification issues will arise. The Court finds that allowing plaintiff to change courses would unfairly prejudice defendants, who have been required by the Court to adhere to plaintiff's request for expedited scheduling. Moreover, the proposed amendment involves claims over which the Court has supplemental jurisdiction and there appears to be nothing preventing plaintiff or other individuals from filing these claims in the appropriate state court. Accordingly, the Court denies plaintiff's request to add new state law class claims to this case.

2. Renewed motion for conditional certification and motion to strike said motion

In the same motion in which plaintiff seeks to amend her complaint, plaintiff also asks the Court to render a renewed class certification decision. This part of plaintiff's motion assumes that the Court will grant plaintiff's request to amend her complaint. In response, defendant McGladrey filed a motion to strike arguing that it would be procedurally unfair to require defendants to oppose a conditional class certification motion based on a complaint that has yet to be accepted by the Court. In addition, McGladrey argues that requiring it to respond now would be improper because no discovery has been conducted with respect to the allegations contained in the proposed complaint. In response, plaintiff argues that the addition of the new party plaintiffs essentially adds nothing new to this case. Rather, the new plaintiffs establish only an FLSA class representative for claims asserted against McGladrey and add additional job titles similar to those the Court already deemed appropriate for certification.

Upon review, the Court finds that plaintiff's renewed motion for class certification is denied at this time. The Court finds that it would be improper to require defendants to respond to the renewed motion for conditional certification based on a complaint that has yet to be filed.

This Court granted plaintiff's motion for leave to amend only in part. Therefore, plaintiff must file her amended complaint consistent with this opinion. Plaintiff may file a renewed motion for class certification and defendants, to the extent they do not agree to certification, may oppose the motion in the time frame set by the Local Rules. Having denied plaintiff's renewed motion for class certification, the Court finds that defendant McGlradey's motion to strike is moot.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend is GRANTED in PART and DENIED in PART. Plaintiff's Renewed Motion for Conditional Certification is DENIED at this time. As such, defendant's motion to strike is MOOT.

IT IS SO ORDERED.


      /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge


Dated: 9/20/12